74 A.3d 820

**OLD FREDERICK RD., LLC, et al.**

v.

**John H. WISEMAN.**

**No. 2356, Sept. Term, 2011.**

Court of Special Appeals of Maryland.

Sept. 4, 2013.

Timothy E. Dixon, Ellicott City, MD, for Appellant.

Christopher Staiti (Staiti & DiBlasio, LLP, on the brief), Millersville, MD, for Appellee.

Panel: WOODWARD, ZARNOCH, LAWRENCE F. RODOWSKY (Retired, Specially Assigned), JJ.

ZARNOCH, J.

What started out as an everyday contract dispute turned into a bewildering contest involving two rival contracts, one representing the parties' actual agreement and the other a fake created to benefit its maker. This tale of deception began when appellant Old Frederick Rd., LLC (the "LLC"), through its sole and managing member, appellant Vincent S. Serio, engaged appellee John H. Wiseman to manage the construction of a house on Old Frederick Road in Ellicott City. After finishing the project, Wiseman filed a claim in the Circuit Court for Howard County for money he contended was still owed under contract. Serio defended the suit with a second competing contract and argued that Wiseman already had been paid under that agreement. The trial court was faced with deciding which contract represented the actual terms of the parties' agreement. The court concluded that Serio's document was the phony contract, which he created to try to avoid the terms of the real agreement.

Wiseman prevailed on a request for a mechanic's lien against the constructed property and on his contract claim against the LLC and Serio. Additionally, the court required the LLC and Serio to jointly and severally pay $13,393.30 in attorney's fees because of Serio's frivolous defense against Wiseman's claims. The LLC and Serio filed a limited appeal, asking this Court to find that the circuit court erred in its judgment for attorney's fees against Serio in his individual capacity.[1] For the reasons set forth below, we affirm the court's decision to hold Serio personally liable for the judgment awarding attorney's fees.

## FACTS AND LEGAL PROCEEDINGS

Serio is the sole and managing member of Old Frederick Rd., LLC, which he apparently created to build and sell a single family home. The LLC planned for construction of the house located at 8906 Old Frederick Road in Ellicott City to begin sometime in July of 2009. At that time, Serio, as managing member of the LLC, entered into a contract with Wiseman for his services to manage the construction of the house.

After the construction was completed, in August 2010, Wiseman filed a complaint in the circuit court. He alleged that he

---

1. Appellants phrased their questions presented as:
    1. Did the [c]ircuit [c]ourt err by disregarding the limited liability company form—piercing the corporate veil—and holding individual [a]ppellant Vincent Serio personally liable for the obligations of [a]ppellant Old Frederick Rd., LLC?
    2. Did the [c]ircuit [c]ourt err in imposing sanctions under Maryland Rule 1–341 against individual [a]ppellant Vincent Serio?
   This first question suggests that appellants are appealing the court's judgments against Serio on the breach of contract claim as well as the attorney's fees award. In fact, much of appellants' brief is devoted to the court's piercing of the corporate veil to hold Serio liable for all of the LLC's obligations. Although Serio has struggled earnestly to make piercing the corporate veil the main issue in this case, he and the LLC conceded at oral argument that they are not appealing the breach of contract ruling and that piercing the corporate veil is only relevant to the extent that it relates to Serio being held individually liable for the attorney's fees award.

was still owed $7,609.56. Wiseman first sued to establish and enforce a mechanic's lien, for unjust enrichment, and for breach of contract. The mechanic's lien was sought only against the LLC and the other two counts named the LLC and Serio. Serio answered the Complaint contending that Wiseman submitted a sham contract, and he attached to his Answer what he claimed was the true agreement.

Before the trial on the merits, Wiseman amended his Complaint twice. The final iteration contained four counts. He amended the mechanic's lien action to add Serio as a party because he had become the property's owner.[2] Wiseman also retained his breach of contract claim against Serio and the LLC. He further added a count against both parties for attorney's fees under Md.Code (1974, 2010 Repl.Vol.), Real Property Article ("RP"), § 9–303 [3] and a count for attorney's fees against Serio under Md. Rule 1–341.[4]

A bench trial was held in December 2011. Wiseman introduced a copy of a contract and Serio introduced what he said were the two originals of a rival contract. Although Wiseman did not object to the admission of Serio's contracts, Wiseman's

---

**2.** In June 2011, as part of a separate action against Serio involving money owed for construction of another property located at 2965 Brookwood Road in Ellicott City, the circuit court found that a 2008 deed which purported to transfer the property at Old Frederick Road from Serio to another LLC, Brookwood Road, LLC, was a fraudulent conveyance and had no legal effect. This ruling made Serio the owner of the Old Frederick Road property.

**3.** RP § 9–303(b) provides:

If a court determines that an owner, contractor, or subcontractor has acted in bad faith by failing to pay any undisputed amounts owed as required under § 9–302 of this subtitle, the court may award to the prevailing party reasonable attorney's fees.

**4.** Under Md. Rule 1–341:

In any civil action, if the court finds that the conduct of any party in maintaining or defending any proceeding was in bad faith or without substantial justification the court may require the offending party or the attorney advising the conduct or both of them to pay to the adverse party the costs of the proceeding and the reasonable expenses, including reasonable attorney's fees, incurred by the adverse party in opposing it.

copy was entered into evidence over Serio's objection that the contract was not an original. Each party contended his respective contract represented the agreement between the LLC and Wiseman.

Suspiciously, the differences dealt almost exclusively with payment terms. Both contracts were three-pages long. The first pages were identical except for the dates. Wiseman's agreement was dated July 7 and Serio's was July 16. The second page contained the payment terms. The second page of Wiseman's agreement read:

*ESTIMATE*

4. The estimated total cost for the Builder/Consultant to perform the above delineated work will be $12,000.00. Upon the execution of this Agreement, a fee of $4,000.00 is required. Upon the issuance of a Howard County Framing inspection, another payment of $4,000.00 will become payable and due. Upon the issuance of the Final Inspection and Use and Occupancy Permit from Howard County, a balance of $4,000.00 will become due and payable.

5. The Builder/Consultant had estimated the above fee based on an estimated building time of 90 work days from the time of the excavation of the foundation.

6. All permits and associated fees are the responsibility of the Owner.

7. All costs to purchase any materials and payment for the work performed for the Owner by any contractor, distributor, or engineer, but not limited to the aforementioned, are to be paid by the Owner.

The second page of the agreement that Serio presented to the court contained several differences. The following is a reproduction of the second page with the differences emphasized.

*~~ESTIMATE~~ PAYMENT*

4. The ~~estimated~~ total cost for the Builder/Consultant to perform the above delineated work will be ~~$12,000.00~~

**$8,000.00.** Upon the execution of this Agreement, a fee of $4,000.00 is required. Upon the issuance of a Howard County Framing inspection, ~~another~~ **final** payment of $4,000.00 will become payable and due. ~~Upon the issuance of the Final Inspection and Use and Occupancy Permit from Howard County, a balance of $4,000.00 will become due and payable.~~

5. The Builder/Consultant had estimated the above fee based on an estimated building time of ~~90~~ **240** work days from the time of the excavation of the foundation.

6. All permits and associated fees are the responsibility of the Owner.

7. All costs to purchase any materials and payment for the work performed for the Owner by any contractor, distributor, or engineer, but not limited to the aforementioned, are to be paid by the Owner.

**8. The Builder/Consultant will NOT perform any labor nor provide any materials for this house, without a separate signed written Agreement with Owner, to do so.**

The third pages were simply signatures. Wiseman testified that his signature on Serio's contracts could have been his, however, Serio testified that he did not believe his signature on Wiseman's contract was his. A handwriting expert testified that Serio's signature, on Wiseman's contract, was likely a simulation.

As the fact-finder, the judge determined that the agreement between the parties was embodied in the contract that Wiseman introduced and that Serio had simply created his version of the contract to avoid the original agreement. Several pieces of evidence support the court's decision.

Wiseman testified that normally he would charge around $30,000 for the type of job Serio asked him to perform. He also stated that the project requested typically would take around 90 days. Wiseman introduced contracts from some of his other jobs, which corroborated his testimony regarding his rate and time estimate. However, Wiseman also testified that he offered to perform the job for $15,000 because it was not a

difficult project, he could finish it quickly because it was close to his own house, and it was a good business investment for him because Serio owned many other properties. Wiseman stated that eventually Serio negotiated the price to $12,000. Other witnesses testified that Serio routinely engaged in extensive negotiations over projects like this one.

Wiseman introduced a preliminary version of the parties' agreement, without objection. He explained that Serio would not accept the document because his company's name was spelled incorrectly (Old Frederick **Road**, LLC instead of Old Frederick **Rd.**, LLC). Wiseman then produced a copy of the final agreement, which was exactly the same as the preliminary one, except that the company name was spelled correctly. The court admitted the copy into evidence over Serio's objection.

The contract's terms for payment were consistent with the contracts for other jobs that Wiseman introduced into evidence. For example, he is paid a fee upfront, again upon framing and inspection, and a final payment when the job is complete. Furthermore, all the contracts Wiseman introduced contained a clause that he would be reimbursed if he paid subcontractors. Wiseman testified that he kept Serio updated on what he had paid and how much so that he could be reimbursed.

The contract date, July 7, also corresponds with evidence that Wiseman introduced showing that he had taken steps to begin the project at least by July 13. Although Wiseman's contract estimated that the project would be completed within 90 days, testimony from Wiseman and other subcontractors revealed that Serio delayed the project because he was constantly trying to renegotiate contracts with the subcontractors.

Serio introduced his competing contract into evidence. The court found Serio's contract was a fake for several reasons. For one, it was dated July 16, which is after Wiseman started doing work under the contract on July 13. The time-frame was also curious. It provided that the project would take 240

days, which was inconsistent with Wiseman's typical estimate for similar projects. The heading of the payment terms section was also unusual. Serio's contract titled the section "payment" instead of "estimate," which was inconsistent with all of Wiseman's other form contracts introduced into evidence.

The word "payment" supported Serio's theory that Wiseman had been paid in full under the contract. As for price, Serio testified that he and Wiseman immediately agreed on $8,000, but this was out of sync with Serio's proclivity to negotiate. That price was also lower than both the industry standard and Wiseman's ordinary price for a project that would take 240 days to complete. The reimbursement clause of Serio's agreement was inconsistent with other evidence. It read that Wiseman would not perform any labor nor provide any materials for the house without a separate signed agreement with the owner. The court determined that this provision was contrary to Wiseman's typical practice, as explained by his testimony and his contracts for other similar projects, to provide the materials and be reimbursed.

Serio's testimony that he had possession of the two originals also was problematic. Serio testified that he came into possession of both originals when Wiseman gave the second one to him accidentally with the mechanic's lien notice. The court found this an unlikely scenario because Wiseman had filed his differing version of the contract with the court at the same time he served Serio with the notice. It was unlikely that he would have given Serio one version of a contract and the court another.

Serio also testified that he was having some financial problems toward the end of construction. Even at the time of the trial, at least one other subcontractor still had not been paid. He testified that he really needed to sell the house. Given the totality of the evidence, the court determined that Serio created the contract after the fact to avoid paying Wiseman the agreed upon price and to avoid having a mechanic's lien placed on the property.

Accepting Wiseman's contract as the parties' true agreement, the court granted the mechanic's lien on the property in the amount of $7,609.56 and found that amount to constitute the damages for the breach of contract action. The court arrived at this number by finding that Wiseman had been paid $8,000 of the base contract price and was still owed $4,000. Additionally, the contract provided that Wiseman would be reimbursed for certain supplies and $1,990 was still owed. Finally, labor was to be paid at a rate of $35 an hour and $1,619.45 was outstanding. For a number of reasons not relevant to this appeal, the court pierced the corporate veil to also hold Serio, in addition to the LLC, jointly and severally liable for the breach of contract claim.

The court also held Serio and the LLC jointly and severally liable for an award of attorney's fees in the amount of $13,393.30. The court entertained two theories for holding Serio individually liable for this award. First, the court determined that attorney's fees were proper under RP § 9–303, which permits a court to award attorney's fees if it determines that an owner, contractor, or subcontractor had acted in bad faith in failing to pay undisputed amounts in certain construction contracts. The court determined that Serio had acted in bad faith in creating a fake contract to try to avoid paying the undisputed contract price. Further, the court held that its piercing of the corporate veil to hold Serio liable for the construction contract also supported finding him personally liable for the attorney's fees under RP § 9–303.

Second, the court determined that the attorney's fees award was also warranted under Md. Rule 1–341, which allows the court to order a party to pay attorney's fees if the court finds that the conduct of the party in maintaining or defending any proceeding was in bad faith or without substantial justification. The court determined that Serio acted in bad faith and without substantial justification in defending the mechanic's lien and contract action by disputing Wiseman's contract price and creating a fake contract. However, the court did not make clear whether its finding against Serio under Md. Rule 1–341 was premised on piercing the corporate veil. The LLC

and Serio timely appealed to this Court. Additional facts will be discussed below.

## DISCUSSION

### I. Introduction

Because it is not apparent from the briefs, we think it is important to note that Serio and Old Frederick Rd., LLC stated clearly at oral argument what portions of the court's ruling they were and were not appealing. They are not appealing the award of contract damages or the mechanic's lien, which amounted to a total of $7,609.56. They explained that the property was sold to an unrelated purchaser. The mechanic's lien was not discovered until after the purchase of the property. Thus, the purchaser's title insurance company paid Wiseman to satisfy the lien.

However, Serio is still appealing the court's award of attorney's fees against him individually in the amount of $13,393.30. The court used two bases for this award: Md. Rule 1–341 and RP § 9–303(b). Although he disputes the propriety of his liability for the award under either theory, Serio acknowledged at oral argument that the circuit court needed to be correct on only one of the theories for the entire award to stand. For these reasons, we focus exclusively on Serio's contention that the award was not sanctioned by Md. Rule 1–341.

### II. Md. Rule 1–341

Serio argues that his case does not fall under Md. Rule 1–341 because he was not a proper party to any of the claims, and the court relied on inadmissible evidence in determining that he acted in bad faith or without substantial justification.

#### A. Proper Party

■ As Serio explains in his brief, he was a named party for the mechanic's lien count as the owner of the property. He asserts that Md. Rule 1–341 requires the court to have *in personam* jurisdiction over a party, and the mechanic's lien

was an *in rem* action.[5] Although a mechanic's lien action is an *in rem* proceeding, *Brendsel v. Winchester Const. Co., Inc.*, 162 Md.App. 558, 580–81, 875 A.2d 789 (2005), we believe Md. Rule 1–341 applies to Serio's actions. The terms used in Md. Rule 1–341 are broad. The Rule encompasses any party and his or her attorney in a civil action. "Civil action" includes a mechanic's lien claim. "Party" includes the owner of the subject property in a mechanic's lien proceeding. The owner of the property is considered to be a necessary party, the defendant, in such an action. *See* Md. Rule 12–302(c).[6] In fact, due process requires that the owner of the property be given notice and an opportunity to be heard before a mechanic's lien can come into effect. *Redland Genstar, Inc. v. Mahase*, 155 Md.App. 72, 79, 841 A.2d 413 (2004). Md. Rule 1–341 also permits the court to require the offending party's attorney, over which the court would not have had *in personam* jurisdiction, to pay reasonable attorney's fees.

Further, this mechanic's lien action is a contested proceeding—a trial—not the mere filing of a lien. In addition, attorney's fees were not sought as part of the mechanic's lien case, but collaterally, as a result of Serio's misconduct during the course of that proceeding. Finally, to adopt Serio's position would transform mechanic's lien proceedings into a "wild west," with no effective legal restraint on bad faith or unjustified litigative behavior. We find no such exemption in Rule 1–

---

5. Serio provides no support for the contention that Md. Rule 1–341 requires *in personam* jurisdiction. This runs afoul of Md. Rule 8–504(a)(6) and we are not required to address the argument. *See Kramer v. Mayor and City Council of Baltimore*, 124 Md.App. 616, 633 n. 4, 723 A.2d 529 (1999); Md. Rule 8–504(a)(6): ("(a) A brief shall comply with the requirements of Rule 8–112 and include the following items in the order listed: . . . (6) Argument in support of the party's position on each issue.") However, we use our discretion to do so.

6. Md. Rule 12–302 explains what needs to be done to commence an action to establish a mechanic's lien. Section (c) provides:

The plaintiff shall bring an action to establish a mechanics lien against the owner of the land against which the lien is sought to be established. The plaintiff may join, but is not required to join, any other person who has or may have an interest in the land and who may be entitled to share in the proceeds of a sale of the land.

341 for mechanic's lien cases. For these reasons, Serio was a proper party to the civil action in this case, making Md. Rule 1–341 applicable to him. *See Winkler Const. Co., Inc. v. Jerome,* 355 Md. 231, 253, 734 A.2d 212 (1999) (noting the application of Md. Rule 1–341 to the parties to a mechanic's lien action).

In his reply brief, Serio introduced another argument for why he was not a proper party to the mechanic's lien action. He contends that only the owner of the subject property is a party. Wiseman filed his initial complaint in 2010, but Serio did not become the owner of the property until June 15, 2011, when the circuit court ruled that his deed purporting to transfer the property was a fraudulent conveyance that had no legal effect. This creates another review problem because appellate courts "ordinarily will not consider an issue raised for the first time in a reply brief." *Jones v. State,* 379 Md. 704, 713, 843 A.2d 778 (2004). However, we note that Wiseman filed an amended complaint naming Serio as a party to the mechanic's lien action as the owner of the property on June 15, 2011. Thus, Serio was a party to the action during the trial in December 2011, so that the circuit court's ruling under Md. Rule 1–341 correctly embraced Serio's trial conduct.

## B.  An Action in Bad Faith or Without Substantial Justification

■  Serio's next argument for reversal is that the court based its finding that he acted in bad faith or without substantial justification on inadmissible evidence. The argument requires several steps in reasoning. He contends that the court erroneously admitted a copy of Wiseman's contract into evidence. Building on this premise, Serio asserts that the court compared the two contracts. Then, Serio argues, the court decided that his contract was a fake based on that comparison. Finally, he contends that the court decided that he acted in bad faith and without substantial justification because he created that fake contract.

In our view, it was not an abuse of discretion for the court to admit Wiseman's copy of the contract. A trial judge's decision to admit or exclude evidence will not be set aside absent an abuse of discretion. *CSX Transp., Inc. v. Continental Ins. Co.*, 343 Md. 216, 252, 680 A.2d 1082 (1996). An abuse of discretion only occurs when "no reasonable person would share the view taken by the trial judge." *Brown v. Daniel Realty Co.*, 409 Md. 565, 601, 976 A.2d 300 (2009).

Serio relies on Md. Rule 5–1003 for his argument against the admissibility of Wiseman's copy of the contract. Under Md. Rule 5–1003, "[a] duplicate is admissible to the same extent as an original unless (1) a genuine question is raised as to the authenticity of the original or (2) in the circumstances it would be unfair to admit the duplicate in lieu of the original." Serio argues that Wiseman's contract was a copy and Wiseman admitted that he always considered the version he submitted to be a copy. Serio contends that this copy should not have been admitted into evidence because he raised a genuine issue as to the authenticity of the original. He asserts that this genuine question of authenticity was raised when he testified that the signature on Wiseman's contract was not his. And his forensic expert testified that Serio's signature was most likely a simulation and that one page looked like it did not match the other pages.

Whether a party has raised a genuine question as to the authenticity of the original is a preliminary question of admissibility. Under Md. Rule 5–1008(a), it is an issue the judge must decide. The court found that Serio's problems with the copy did not question the authenticity of the original contract because he was not contending that Wiseman had altered the original in any way. Indeed, Serio's position was that he had both originals. Serio's argument was that Wiseman had created a completely new and fake contract. Thus, the court determined that Serio's challenge was to the validity of the document as a whole, not to the issue of it being a copy.

We conclude that the court did not abuse its discretion in admitting the contract copy for two reasons. First, as the

court suggests with its ruling, Serio's questions regarding Wiseman's contract were to the validity of the entire contract, which is an issue properly addressed under Md. Rule 5–1008(b), not Md. Rule 5–1003. Second, even if Serio's inquiries questioned the authenticity of the original contract under Md. Rule 5–1003, the problems of authenticity that Serio raised were not genuine.

### 1. Md. Rule 5–1008

Md. Rule 5–1008 provides,

(a) Except as otherwise provided in section (b) of this Rule, when the admissibility of evidence other than the original of contents of writings, recordings, or photographs under these rules depends upon the fulfillment of a condition of fact, the question whether the condition has been fulfilled is for the court to determine in accordance with the provisions of Rule 5–104(a).

(b) The following issues, if raised, are for the trier of fact to determine as in the case of other issues of fact: (1) whether the asserted writing, recording, or photograph ever existed, (2) whether another writing, recording, or photograph produced at the trial is the original, or (3) whether evidence of contents other than the original correctly reflects the contents.

In *Lorraine v. Markel American Ins. Co.*, 241 F.R.D. 534, 577 (D.Md.2007), the United States District Court for the District of Maryland discussed the federal equivalent of this rule and described the section on issues for the trier of fact as a specialized application of "conditional relevance" that sets forth what must happen when there is a dispute over whether there ever was a writing, recording, or photograph, or when there are conflicting versions of duplicates, originals, or secondary evidence offered into evidence.[7] Applied more specifically to this case, which conflicting version of a contract is the

---

7. In Maryland, conditional relevance is discussed in Md. Rule 5–104(b), which explains, "[w]hen the relevance of evidence depends upon the fulfillment of a condition of fact, the court shall admit it upon, or

true agreement between the parties is an issue for the trier of fact because each document's relevance is conditioned on the finding that the writing is authentic. *See Gerald v. State,* 137 Md.App. 295, 304, 768 A.2d 140 (2001). With two competing contracts in this case, each needed to be admitted because the issue of which one was the authentic contract was properly left to the trier of fact, here the circuit judge.

Indeed, if Serio had also produced a copy of a contract, or Wiseman produced an original, then each of the duplicates or originals would have individually been admitted without question under Md. Rule 5–1008 as relevant on the condition that it was authentic. What threw a monkey wrench into the case was Wiseman's testimony that he had always treated the document he produced as a copy. This prompted Serio to object under Md. Rule 5–1003. But this particular factual scenario is not the one contemplated by Md. Rule 5–1003. As the circuit court stated when discussing whether to admit the document: "If I'm to sustain the objection, because your position [is], that there's a [genuine] dispute that it's the original. Well, then, what's good for the goose is good for the gander, and neither will ever be admitted. And, it would be a perfect defense [in] each and every case, for the Defendant to merely stand up and say, there's a lie there, there's a forgery there, therefore, it's never admissible." We agree and find that the rules of evidence, which are to be read together and construed to ascertain the truth and justly determine disputes, *see* Md. Rule 5–102,[8] permitted the admission of both contracts in this case.[9]

---

subject to, the introduction of evidence sufficient to support a finding by the trier of fact that the condition has been fulfilled."

8. Md. Rule 5–102 specifically states:
   The rules in this Title shall be construed to secure fairness in administration, eliminate unjustifiable expense and delay, and promote the growth and development of the law of evidence to the end that the truth may be ascertained and proceedings justly determined.

9. Wiseman also contends that his contract was admissible under two of the exceptions to Md. Rule 5–1003. These exception are described in Md. Rule 5–1004:

## 2. Md. Rule 5–1003

In addition to its explicit reasoning for why Wiseman's contract copy was admissible, the court's decision stands on another footing. Under Md. Rule 5–1003, a copy is admissible unless a "genuine" question is raised as to the authenticity of the original. Serio's supposed questioning of the authenticity of the original came through his testimony that the signature on Wiseman's contract was probably not his signature. He also brought a handwriting expert to question his signature on Wiseman's contract.

The court's analysis of Serio's arguments suggests that even if Serio were challenging the authenticity of Wiseman's original contract, his challenge was not "genuine." Appellate courts, or circuit courts for that matter, do not typically grapple with the intricacies of the best evidence rules. Thus, there is not much in the way of case law on the issue of what constitutes a "genuine" challenge to the authenticity of a document. However, it is unquestionably a matter for the trial court to decide. *See* Md. Rule 5–1008(a). In this case, it

---

The contents of a writing, recording, or photograph may be proved by evidence other than the original if:
(a) All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith;
(b) No original can be obtained by any reasonably practicable, available judicial process or procedure;
(c) At a time when an original was under the control of the party against whom offered, that party was put on notice, by the pleadings or otherwise, that the contents would be a subject of proof at the hearing or trial, and that party does not produce the original at the hearing or trial; or
(d) The writing, recording, or photograph is not closely related to a controlling issue.
First, Wiseman testified that he was not completely sure that the contract he proffered was not the original (he had just always assumed it was a copy). He said that if the contract was a copy, he had looked for an original and he could not find one. Serio did not assert that Wiseman lost the original in bad faith. Thus, Wiseman argues, the copy was admissible under exception (a). Second, Wiseman asserts that Serio testified that he had both originals. Therefore, Wiseman contends, the copy was admissible under exception (c). Our conclusion that the copy was otherwise properly admitted means we need not address Wiseman's theory.

was within the court's discretion to examine the disputed signature and determine—in the face of all the other evidence indicating that the copy was authentic and Serio was not credible—that the signature was too similar to Serio's other signatures to raise a genuine question of authenticity. *Cf. Bank of Hawaii v. Shaw*, 83 Hawai'i 50, 924 P.2d 544, 557 (Haw.Ct.App.1996) (finding, under an identical Hawaii provision, that no genuine question as to the authenticity of an agreement had been raised because the court could have disbelieved the party's testimony that he did not sign the agreement based on the other evidence in the case); *People v. Von Villas*, 10 Cal.App.4th 201, 13 Cal.Rptr.2d 62, 87 (1992) (finding, under an identical California evidence provision, that a trial court's decision that a party did not raise a genuine question of authenticity was supported by ample evidence where the party's testimony was contradicted by other witnesses' testimony).

Further, this case presents a unique situation where the objecting party's actions suggested that his objection to the other party's copy of a contract was frivolous. Serio introduced a competing contract, which the court found he created to avoid the obligations of the real contract. Serio's creation of a fake contract suggests that his challenge to Wiseman's contract was not a genuine challenge. With the action of creating a pseudo-contract factored into the mix, it would be difficult for any reasonable judge to conclude that Serio's challenge to the authenticity of Wiseman's contract was genuine. Thus, it was not an abuse of discretion to admit the copy of Wiseman's contract.

Serio's argument that the court erroneously awarded attorney's fees against him under Md. Rule 1–341 rises and falls on the admissibility of Wiseman's contract. He is silent as to any alternative argument for why the circuit court's finding of bad faith in defending the action was an error even if the Wiseman contract was properly admitted. He also does not argue that the amount of attorney's fees was error. Thus, because we find the contract was not erroneously admitted, our scrutiny of the court's findings under Md. Rule 1–341 is over. We simply

note that even if the contract had not been admitted into evidence, the trial court still could have reasonably concluded that Serio acted in bad faith. The court's finding could be upheld based on a comparison between Serio's contract and Wiseman's testimony regarding his typical practices and prices, the preliminary version of Wiseman's contract with the LLC that was admitted without objection, and the contracts of Wiseman's similar projects that were admitted into evidence. For all the reasons discussed, we affirm the court's judgment against Serio for attorney's fees.[10]

In his brief, Wiseman has sought a remand for appellate attorney's fees. He did not file a motion in this Court for these fees. Regardless, the preferred way of addressing a request for appellate attorney's fees is to file a motion for such fees in the circuit court after the appellate court's decision is filed. *See* Proposed Rule 2–706, included in the 177th Report of the Standing Committee on Rules of Practice and Procedure, submitted to the Court of Appeals on March 28, 2013. If this rule change is approved, such a request could be resolved entirely at the circuit court level without the need of a formal remand from this Court. Until proposed Rule 2–706 is adopted, we will follow *Meade v. Shangri–La Partnership's* lead and remand on this question. 424 Md. 476, 494–95 n. 11, 36 A.3d 483 (2012) (remanding case for consideration of petitioner's request for attorney's fees for appellate work.)

**JUDGMENT OF THE CIRCUIT COURT FOR HOWARD COUNTY AFFIRMED. CASE REMANDED FOR CONSIDERATION OF APPELLEE'S REQUEST FOR ATTORNEY'S FEES FOR APPELLATE WORK. COSTS TO BE PAID BY APPELLANT.**

---

10. Because we find the attorney's fees were properly awarded against Serio individually under Md. Rule 1–341, we need not reach a decision on whether they also were proper under RP § 9–303. Additionally, Serio agreed at oral argument that piercing the corporate veil was only an issue for the finding of attorney's fees under RP § 9–303. Thus, we also need not address whether the court erred in piercing the corporate veil.